[Civ. No. 3218. First Appellate District, Division Two.—February 5, 1920.]

THOMAS HACKETT, Respondent, v. F. F. MORSE, as Commissioner, etc., et al., Appellants.

[1] MUNICIPAL CORPORATIONS—OAKLAND—DISCHARGE OF EMPLOYEE— APPEAL UNDER CHARTER TO CIVIL SERVICE BOARD—MODIFICATION OF PUNISHMENT.—Where a member of the fire department of the city of Oakland holding a position in the classified civil service of that city is discharged from the fire department on the ground of insubordination and he takes an appeal to the civil service board, pursuant to the provisions of sections 81 and 82 of the charter of that city, the civil service board, under the latter section, has the power to fully hear and determine the matter, and having found that he should not have been discharged but that for failure to obey the order of his chief he should forfeit two months salary and be reinstated at the expiration of that time, has the power to revise the punishment imposed upon him in accordance with such findings.

[2] ID.—PERFORMANCE OF DUTY BY CIVIL SERVICE BOARD—PRESUMPTION.—The presumption that public officials will do their duty applies to a civil service board, notwithstanding the possibility that such board may at some time abuse its power and render unjust decisions.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. L. Hagan, City Attorney, and John J. Earle, Assistant City Attorney, for Appellants.

Wm. B. Smith for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for the plaintiff in the sum of $1,764.78 against the appellant city of Oakland, which judgment also directed the issuance of a writ of mandate commanding appellant F. F. Morse, as commissioner of public health and safety of the city of Oakland, to reinstate plaintiff and respondent to his position in the fire department of the city of Oakland. The case

was submitted to the trial court upon an agreed statement of material facts, from which it appears that, on May 27, 1918, the plaintiff was a member of the fire department of the city of Oakland; that the said position of the plaintiff was at all times mentioned herein and now is in the classified civil service of said city of Oakland; that, on May 27, 1918, plaintiff was suspended by the chief of the fire department for refusal to obey an order of the said chief of the fire department; that, on June 3, 1918, without having had a hearing or trial, and without having been served with a copy of any charge or charges against him, plaintiff was informed by the commissioner of public health and safety that he was discharged from the fire department on the ground of insubordination. Plaintiff filed a notice of appeal from the order of said commissioner with the civil service board within the time prescribed by the city charter. The matter was heard by the civil service board, the commissioner of public health and safety and the plaintiff both being represented by counsel. Thereafter, the civil service board rendered its decision by which the plaintiff was found not guilty of insubordination that would warrant his discharge from his position, and that such penalty would be unjust, and it was ordered that he be retained in his said position, and that he report for duty and resume his work in said position upon August 1, 1918. The board further stated in its decision: "That it is the opinion of the board that for making any objection to being transferred to Engine Company No. Six that said Thomas Hackett should not be entitled to or receive any compensation from the city from June 3, 1918, to August 1, 1918." A certified copy of the findings and decision of the civil service board were served upon the commissioner of public health and safety, as provided for in the city charter. The plaintiff reported to the said commissioner several times and requested to be assigned to his position in said fire department, and was refused. The amount of salary that would have been earned by the plaintiff in his said position from August 1, 1918, to September 30, 1919, as prescribed by the city charter, is $1,764.78, the amount for which the plaintiff secured judgment against the city.

The defendants concede the plaintiff's right to appeal to the civil service board, and their only contention is that said board has no power to revise the punishment imposed upon an employee by the commissioner; that the civil service board merely has the power to inquire whether or not the employee is guilty of the offense charged, and if it be found that he is guilty of such offense, then the civil service board has no power to change the punishment inflicted by the commissioner. Many arguments are made upon both sides of this controversy based upon governmental efficiency and political expediency. There is much to be said upon both sides of this question; but the arguments are not pertinent here and will not be discussed by us, because the city charter of Oakland expresses the will of the people with relation to this matter, and it is not within the power of the courts to reconsider and weigh the considerations which should have actuated the people in placing certain power with the civil service board. Section 81 of the city charter of Oakland provides: "All persons holding positions in the classified civil service shall be subject to suspension, fine and also to removal from office or employment by the commissioner in whose department they are employed . . . but subject to the appeal of the aggrieved party to the civil service board as herein provided." Section 82 provides: "Any person suspended, fined or discharged . . . may within five days from the making by a commissioner of the order suspending, fining or discharging him . . . appeal therefrom to the civil service board, which shall fully hear and determine the matter. The accused shall be entitled to appear personally, and to have counsel and a public hearing. The finding and decision of the board shall be certified to the official from whose order the appeal is taken, and shall forthwith be enforced and followed by him."

[1] The civil service board has acted under the authority of the above quoted sections. It has fully heard and determined the matter of the discharge of the plaintiff. It has found that he should not have been discharged; that for his failure to obey the order of his chief, he should forfeit two months' salary and be reinstated at the expiration of that time. It is our opinion that since the board shall fully hear and determine the matter, it must hear

and pass upon all questions involved in the controversy. The question of what is a reasonable punishment for an offense is as important as the question of whether or not an employee committed an offense, and it is as necessary for the accomplishment of the purposes of the civil service system that the board have power to investigate the one as the other. There being no restriction upon the civil service board, we must hold that power fully to "hear and determine the matter" means power fully to hear and determine all parts of the "matter." The "matter" under investigation is the discharge of the plaintiff by the commissioners, the offense leading to his discharge, the surrounding or extenuating circumstances, the need of discipline in the department in which the plaintiff was employed, and the effect of the example of the plaintiff's conduct upon other employees, are all parts of the larger question to be investigated by the board.

[2] It is not an answer to the views expressed herein that the civil service board may at some time abuse its power and render unjust decisions. The presumption that public officials will do their duty applies to the civil service board. Furthermore, the delegation of any power carries with it a possibility of abuse if the power is exercised by unscrupulous persons, but it is also true that an abuse of power carries within itself the seed of its own destruction. The people have seen fit to entrust a civil service board with power to hear and determine fully disputes of this character between employees and the commissioners, and when they find this method unsatisfactory in its results, they will doubtless be wise and ingenious enough to supplant it with a better one.

It is argued by the appellants that the people could not have intended to confer upon the civil service board power to alter the judgment of the commissioner, because, it is asserted by appellants, that the exercise of such power would be followed by a long train of evils, disrupting the internal government of the various departments of the city government. While it has no bearing upon the decision of this case, yet it may not be inappropriate to remark here that this argument is not persuasive in view of the fact that under the charter of the city and county of San Fran-

cisco, the civil service commission is given express power to affirm, ''reverse, or alter'' the findings of the appointing officer upon an appeal from his decision discharging an employee. (Sec. 12, art. XIII, Charter City and County of San Francisco.) The results of the exercise of such power by the civil service commission have not been such, apparently, as to call for an amendment of the charter in this particular.

The commissioner of public health and safety should have obeyed the order of the civil service board.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.