[Civ. No. 4811. First Appellate District, Division One.—April 30, 1924.]

## WALTER J. PETERSEN, Appellant, v. CIVIL SERVICE BOARD OF THE CITY OF OAKLAND et al., Respondents.

[1] MUNICIPAL CORPORATIONS — OAKLAND — SUSPENSION OF OFFICER — REVIEW BY CIVIL SERVICE BOARD—JURISDICTION TO LEVY FINE.— Under the charter provisions of the city of Oakland, on appeal from an order of the commissioner of public health and safety of said city removing an officer holding a classified civil service position from office on the grounds of alleged misconduct, incompetency, failure to perform the duties of his office and failure to observe the rules of the department, it is essential to the jurisdiction of the Civil Service Board, before it becomes vested with power to impose a fine upon said officer, that it declare in language at least sufficiently clear to fairly indicate its conclusion in that respect that such officer has been guilty of some breach of duty for which he may, under the charter provisions, be subjected to punishment.

[2] ID.—REINSTATEMENT—FINDINGS—DEPRIVAL OF SALARY.—On such appeal, where the Civil Service Board concludes that the evidence is not sufficient to warrant the discharge or removal of said officer, and that he should be immediately reinstated, but said

---

1. See 18 Cal. Jur. 963; 5 R. C. L. 614.

board makes no finding, either affirmatively or inferentially, that said officer had committed an offense for which he might legally be fined, said board is without jurisdiction to prescribe that he be reinstated upon the condition (in the nature of a fine) that he receive no salary from the city from and after the date (subsequent to his discharge) when he accepted outside employment.

[3] ID.—INFERIOR TRIBUNALS—JURISDICTION—PRESUMPTION.—The rule that where jurisdiction of an inferior tribunal is shown to have attached, its subsequent proceedings are presumed to be regular, and that if the decision of such tribunal is regular on the face of the record it will be supported by every presumption that follows a judgment, is not applicable in cases of a subordinate tribunal created by statute, such as a civil service commission, but jurisdiction must affirmatively appear on the face of the proceedings, and no presumption will be indulged in from it, as in case of a court of general jurisdiction.

[4] ID.—CERTIORARI—JURISDICTION—INSUFFICIENT TRANSCRIPT—JUDGMENT—APPEAL.—The fact that, on *certiorari* to review the action of the Civil Service Board, no adequate or complete transcript of the proceedings held before the board was placed before the superior court, did not render the judgment of said court conclusive on appeal, as the burden of establishing jurisdiction rested upon respondents, and not upon appellant.

[5] ID.—CERTIORARI—JUDGMENT—AFFIRMATIVE ACTION.—The power of the court upon *certiorari* is limited to the question of whether the inferior tribunal has exceeded its jurisdiction or has legally pursued its authority, and where its authority has not been legally pursued the writ should be limited to annulment of its proceedings and should not direct any affirmative action; and it cannot modify the record of the judgment or decision of the inferior tribunal.

[6] ID.—ATTEMPTED EXERCISE OF JURISDICTION—REVIEW—DIRECTED JUDGMENT.—If the order of the Civil Service Board withholding the salary of the accused officer during a portion of the period of his suspension was intended in the nature of a fine, for the commission of some act of wrongdoing on the part of said officer, of which said board omitted to find him guilty, it was an attempt on the part of said board to exercise its lawful jurisdiction, but it was done in an illegal manner, and said officer, on appeal from the judgment of the superior court dismissing a writ of *certiorari* issued by it to review the decision of the board, was not entitled to an order reversing said

5. Questions reviewable on *certiorari*, notes, 12 **Am. Dec.** 531; 40 **Am. St. Rep.** 29. See, also, 4 **Cal. Jur.** 1105; 5 **R. C. L.** 260.

judgment, with directions to affirm the decision of the board relative to the reinstatement of the accused, but annulling it relative to the deprivation of the salary.

(1) 28 **Cyc.**, p. 502.   (2) 28 **Cyc.**, p. 525.   (3) 28 **Cyc.**, p. 519. (4) 28 **Cyc.**, p. 502.   (5) 28 **Cyc.**, p. 519.   (6) 28 **Cyc.**, p. 525.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Reversed.

The facts are stated in the opinion of the court.

Cedric W. Petersen and Charles W. Fisher for Appellant.

Leon E. Gray, City Attorney, and Markell C. Baer, Assistant City Attorney, for Respondents.

KNIGHT, J.—This is an appeal by the petitioner, Walter J. Petersen, from a judgment dismissing a writ of *certiorari* theretofore issued at his request, for the purpose of having reviewed the decision of the Civil Service Board of the City of Oakland concerning the attempted removal by the Commission of that city of said Petersen from the office of captain of inspectors of the Oakland police department.

From the record it appears that on September 11, 1920, the commissioner of public health and safety of said city, acting under the authority of section 81 of the charter of said city, made an order removing Petersen from office, assigning as reasons therefor, twenty-one separate grounds of alleged misconduct, incompetency, failure to perform the duties of said office and failure to observe the rules of the department. Thereupon Petersen appealed from said order to the Civil Service Board, whose duty it was, under section 82 of said charter, to "fully hear and determine the matter." Much delay preceded and attended the trial of said Petersen, and after the matter was ordered submitted for decision more delay followed, due to the sickness and subsequent resignation of one of the then members of said board, and the retirement of another. After two new members had been appointed the matter was ordered resubmitted for decision and on June 2, 1922, said new board gave its decision in writing, containing the following conclusions:

"Resolved: 1. That the evidence is not sufficient to warrant the discharge or removal of said Walter J. Petersen from the office of Captain of Inspectors of the Police Department of the City of Oakland upon all or any of the particular grounds set forth in said order of discharge; and

"2. That, from the foregoing findings of fact, the Civil Service Board determines that the discharge and removal from office of said Walter J. Petersen by said Commissioner was unwarranted and that he should be immediately reinstated in his former position of Captain of Inspectors, upon the condition hereinafter stated; and

"3. That, now therefore, it is hereby decided, determined, ordered, adjudged and decreed by the Civil Service Board that said Walter J. Petersen be reinstated immediately in his former position of Captain of Inspectors; and

"4. That he receive from the City of Oakland the salary attached to said position, from the 11th day of September, 1920, to the date upon which he accepted employment with the Waterfront Employers' Union, in the City of San Francisco, and that from and after said date he shall receive no compensation from the said City of Oakland."

Petersen then applied for and was granted by the superior court a writ of *certiorari* by which he sought to have reviewed and annulled that part of said decision of said Civil Service Board whereby it ordered that he be deprived of a portion of the salary of said office, which accrued during his wrongful suspension. After a hearing upon the merits said writ was by the trial court dismissed and Petersen has appealed from the judgment of dismissal entered therein.

Appellant makes three main contentions on this appeal. First it is claimed that if the order of said board depriving appellant of part of the accrued salary of said office be considered as the imposition of a fine, that there was a want of jurisdiction to impose the same for the reason that said board did not at any time find appellant guilty of any offense for which a fine might, under the charter provisions, be imposed; secondly, that the decision of said board, wherein it declared that the evidence presented was insufficient to warrant a removal of appellant from said office, "upon all or any of the particulars set forth in said order of discharge" and his removal and discharge "was unwarranted, and that he should be immediately reinstated" was

in effect a verdict of acquittal upon all of the charges upon which he was tried, and that consequently the condition of reinstatement imposed by said board, namely, a loss of salary, cannot be construed in the nature of a fine, but that it was in fact an arbitrary act on the part of said board, based upon the belief of its members that appellant should not receive a salary from the city during that period of his suspension that he accepted remunerative employment from other sources; thirdly, that if that part of the decision of said board be declared void for want of jurisdiction, it should be ordered annulled and the remainder of said decision, wherein appellant is ordered reinstated should be affirmed.

[1] Irrespective of whatever may have been the intention of said board, we believe the first contention made by appellant must be sustained for the reason that it is our opinion that under the charter provisions of said city it is essential to the jurisdiction of said Civil Service Board before it becomes vested with power to impose a fine upon a person holding a classified civil service position that it declare in language at least sufficiently clear to fairly indicate its conclusion in that respect that such officer has been guilty of some breach of duty for which he may, under the charter provisions, be subjected to punishment. [2] Assuming therefore, but not deciding, that the order for loss of salary was intended as the imposition of a fine, we hold that there was a want of jurisdiction on the part of said board to impose the same for the reason that it made no finding, either affirmatively or inferentially, that Petersen had committed any offense for which he might be legally fined. The provisions of sections 81 and 82 of said charter, from which said board derives its power to suspend, fine or remove a classified civil service officer, are in effect a limitation upon the power of said board and beyond which its authority may not extend. (*Cook* v. *Civil Service Commission*, 160 Cal. 598 [117 Pac. 662]; *Lindbloom* v. *Doherty*, 102 Ill. App. 14.) Section 81 provides that ''all persons holding positions in the classified civil service shall be subject to suspension, fine and also to removal from office or employment by the Commissioner . . . for misconduct, incompetency or failure to perform their duties under or observe the rules and regulations of the department or office

. . . ''  Section 82 provides that "any person suspended, fined or discharged may . . . appeal therefrom to the Civil Service Board, which shall fully hear and determine the matter. . . . ''  It will be observed that there is nothing contained in said section 82 which grants unto said Civil Service Board any greater power than is given to the commissioner. Both are limited in the matter of the imposition of fines to the causes stated in said sections. It would necessarily follow, therefore, we think, that unless there be some finding of misconduct, incompetency or failure to perform official duty, no fine may be imposed. Such rule doubtless prevails in cases of removal from office and the charter provisions here make no distinction between cases of removal from office and those where a fine shall be imposed. In discussing cases of removal McQuillan on Municipal Corporations (vol. II, p. 1248, sec. 568), states the rule as follows: "There should be a finding of guilty or not guilty on charges. Ordinarily a sentence of dismissal will be illegal without a finding of guilty. But the judgment dismissing the officer need not be in the precise accuracy of a record in a criminal case. The record of the proceedings of removal should show affirmatively: (1) that charges sufficient in law were preferred; (2) that due notice was given; (3) that a trial was had where the officer was permitted to be heard, and (4) that a judgment or order for cause was rendered.'' Furthermore the word "fine" as used in said charter provision must be interpreted according to its ordinary meaning, which signifies a pecuniary punishment for an offense committed. (Bouvier's Law Dictionary, 589; 25 Corpus Juris, 1148; *Southern Express Co.* v. *Commonwealth,* 92 Va. 59 [41 L. R. A. 436, 22 S. E. 809]; *State* v. *Missouri Pac. Ry. Co.,* 64 Neb. 679 [92 N. W. 817]; *State* v. *Belle,* 92 Iowa, 258 [60 N. W. 525].) Turning then to the record, we find nothing to show in the remotest degree that Petersen has been guilty or found guilty of any misconduct, incompetency or other breach of duty. In fact there is no intimation by said board anywhere that his private or official conduct had been unsatisfactory or even subject to censure; nor is any reason given by the decision of said board, or elsewhere, why said board imposed as a condition precedent to reinstatement that Petersen be deprived of a portion of the salary of the office from which he was suspended. It

should be remembered that appellant is making no attack upon the jurisdiction of said board to hear and determine this matter, nor upon its power to revise the punishment ordered by the commissioner. Neither does he question the right of said board to impose a fine upon him for any act of wrongdoing covered by the charter provisions, even though it may have further found that the commission of such act would not justify his removal from office. It is the foundation of the judgment of said board that he assails, claiming that if the loss of salary be considered a fine he has been punished without having been found guilty of any offense. We think it manifest that it was just as essential to the complete jurisdiction of said board that appellant be found guilty of some violation of duty before he can be punished as it was to give him notice of the trial before he could be legally tried.

Respondents have cited us to the case of *Hackett* v. *Morse,* 45 Cal. App. 788 [188 Pac. 308], upon which they rely to a large extent. That case arose under the same charter provisions involved here. A fireman holding a position in the classified civil service of the city of Oakland was ordered discharged by the commissioner for insubordination. Upon appeal to the Civil Service Board it was found that plaintiff was not guilty of insubordination that would warrant his discharge from his position, and that such penalty would be unjust, and it was ordered that he be retained in his said position, and that he report for duty and resume his work in said position upon August 1, 1918. The board further stated in its decision: "That it is the opinion of the board that for making any objection to being transferred to Engine Company No. Six that said Thomas Hackett should not be entitled to or receive any compensation from the city from June 3, 1918, to August 1, 1918." The decision of said board was sustained by the trial court. The commissioner appealed and made the contention that the authority of said Civil Service Board was limited to an inquiry as to whether or not said employee was guilty of the offense charged, and in the event it was found that he was guilty, that then said board had no power to change the punishment inflicted by the commissioner. It was held, on appeal, that the authority to "fully hear and determine the matter" as granted said board by the charter provisions, carried with

it the power to revise the punishment in accordance with its findings.

The conclusions we have reached in the instant case do not conflict at all with the rule stated in *Hackett* v. *Morse.* The plain distinction between the two cases is that in that case, although the board found that the employee was not guilty of such an offense as would warrant his removal, it did in fact find him guilty of some offense, namely, insubordination, before it attempted to penalize him. There was no finding whatever of any breach of duty, but the board nevertheless penalized the employee by ordering a loss of salary.

It was the contention of respondents before the trial court, as here, that since said board had acquired jurisdiction to hear the matter of said appeal, and had the power in the exercise of its jurisdiction to deprive the petitioner of his salary during a specified period of time, in the nature of a penalty (*Hackett* v. *Morse,* 45 Cal. App. 788 [188 Pac. 308]), and in fact did deprive him of all salary during a specified time, that every intendment must be taken that said board in so doing intended to and did thereby impose a penalty and that therefore the decision of said board must be sustained. The trial court apparently adopted the views of respondents for the reason that while no findings of fact were made, the judgment of the court contains the following recitals, to wit:

"It further appears from an examination of said return of said respondents that said respondents, in said judgment, did intend to and did punish said petitioner by loss of salary and compensation for the period specified in said order, because of his guilt and misconduct in matters, as found by them.

"It further appears from said return that said respondents had authority to impose said fine, and that there was evidence before them sufficient to authorize them to impose such fine."

Respondents now make the further point that those recitals in the judgment constitute findings upon the question of the intent and that therefore this court is concluded by such finding on this appeal. In this respect, however, it may be stated that the record shows that the judgment of the trial court was not based upon any evidence adduced at

the trial other than the written return made by respondents
to the writ of review, and said return admittedly contains
no part of the evidence received or actual proceedings had
before said board at the trial of appellant, nor does it show
that any findings were ever made by said board other than
those above quoted. It is therefore obvious that those re-
citals in the judgment, to the effect that said board intended
to punish petitioner by a loss of salary "because of his guilt
and misconduct, in the matters, as found by them" and
"that there was evidence before them sufficient to authorize
them to impose such fine," amount to no more than the legal
construction given by the trial court to the terms of the
decision of said board, aided by such intendments in its
favor as it was believed said decision was entitled to, and
the same did not constitute findings upon questions of fact,
such as would bind this court on appeal. [3] Further-
more, we cannot agree with respondents' contention that
every intendment must be taken in favor of the decision
of said board, for the reason that such doctrine has no ap-
plication to the jurisdictional essentials of an inferior tri-
bunal. Jurisdiction in such case must affirmatively appear.
It cannot be presumed. While it is true as a general propo-
sition, as respondents contend, that where jurisdiction of an
inferior tribunal is shown to have attached, its subsequent
proceedings are presumed to be regular (15 Rul. Case Law,
sec. 360; *Featherston* v. *Small*, 77 Ind. 143; 1 Black on Judg-
ments, sec. 287), and that if the decision of such tribunal
is regular on the face of the record it will be supported by
every presumption that follows a judgment of a court of
record (*Pacific Gas & Elec. Co.* v. *Devlin*, 188 Cal. 33 [203
Pac. 1058]), nevertheless, in cases of a subordinate tribunal
created by statute, such as a civil service commission, it is
fundamental that jurisdiction must affirmatively appear on
the face of the proceedings; no presumptions will be in-
dulged in from it, as in case of a court of general jurisdic-
tion. (2 McQuillan on Mun. Corp., sec. 566, and cases
cited; *Lindbloom* v. *Doherty*, 102 Ill. App. 14.) From
what has been stated we are convinced that the decision of
said board may not be upheld by the aid of legal presump-
tions or the doctrine of intendments.

[4] Respondents make the further point that the judg-
ment of the trial court must be affirmed because there was

no adequate or complete transcript of the proceedings held before the Civil Service Board placed before the reviewing court. We find no merit in this point. The only useful purpose that could have been served by furnishing such transcript would be to establish the jurisdiction of said board in the matter of said penalty, that is, to show by the record of said board that it had in fact found appellant guilty of some offense for which he might legally be fined. The burden of establishing jurisdiction, however, rested upon the respondents and not upon appellant. As already pointed out, the jurisdiction of an inferior tribunal is not to be presumed, and the expression used in the opinion in *Hackett* v. *Morse, supra,* that "the presumption that public officials will do their duty applies to the Civil Service Board" is not available to respondents in this respect, for the reason that its use in that case did not pertain to the question of jurisdiction, but was used as an answer to the contention of appellant "that the civil service board may at some time abuse its power and render unjust decisions."

[5] The order for loss of salary being void, the next question arising is the effect of its invalidity upon the entire decision of the said board. Appellant urges "that the judgment of the lower court be reversed and that it be directed to enter a judgment affirming the decision of the Civil Service Board relative to the reinstatement of the appellant to the office of captain of inspectors but annulling it relative to the deprivation of the salary," etc. We cannot agree with this contention. The power of the court upon *certiorari* is limited to the question of whether the inferior tribunal has exceeded its jurisdiction or has legally pursued its authority, and where its authority has not been legally pursued the writ should be limited to annulment of its proceedings and should not direct any affirmative action. (Sec. 1074, Code Civ. Proc.; *Green* v. *Rogers,* 18 Cal. App. 572 [123 Pac. 974].) It cannot modify the record of the judgment or decision of such inferior tribunal (*Will* v. *Sinkwitz,* 39 Cal. 570), for the simple reason that a writ of review cannot be used as a writ of error (*Central Pac. R. R. Co.* v. *Placer Co.,* 46 Cal. 670; *Buckley* v. *Superior Court,* 96 Cal. 120 [31 Pac. 8]; *Bergevin* v. *Wood,* 11 Cal. App. 643 [105 Pac. 935]), nor as a writ of *mandamus.* (*Townsend* v. *Copeland,* 56 Cal. 612.)

At least three possible courses of action were open to said board in the disposal of the Petersen charges. It could have found him guilty and a penalty of suspension, removal or a fine imposed. It could have found him not guilty and reinstated him with no conditions, or it could have reinstated him with a loss of salary for the commission of some specified violation of duty shown by the evidence (*Hackett* v. *Morse, supra*), or it could have found that evidence was insufficient to justify removal but order his conditional reinstatement with loss of salary for the commission of some specified act of breach of duty. It did find that the evidence was insufficient to warrant removal and ordered his reinstatement with the right to the accrued salary during suspension up to the date he accepted outside employment. That part of the board's decision was entirely within the lawful exercise of its jurisdiction and has therefore become final and conclusive and is not open to review or reconsideration. The only matter left open then to a complete disposal of the case was the matter of the accrued salary from the date on which Petersen accepted outside employment to the date of his reinstatement. For some reason not apparent from the record nor disclosed by the decision itself, that part of the salary was withheld. It is our interpretation of the law, as already stated, that no portion of said accrued salary may be withheld except in the nature of the imposition of a fine, after a finding that some breach of duty has been committed for which a fine may be imposed. That was not done. The order withholding a portion of said salary is therefore void. But the question of whether said board, by its said order, intended, and in fact attempted, to impose a fine, or whether its order in that respect was made for arbitrary reasons not justified by the charter, we have not considered or passed upon. It may be, as appellant contends, that said order was made under the belief that Petersen should not be allowed to collect two salaries covering the same period of time, if so, its order is wholly void for the reason that the determination of that question is one of law to be presented to and decided by the courts in any action instituted by Petersen to recover the salary for the full period of his suspension, or it may be, as respondents claim, that said order was intended in the nature of a fine, for the commission of some act of wrongdoing, on Petersen's

part, of which said board omitted to find him guilty. [6]
If so it was an attempt on the part of said board to exercise
its lawful jurisdiction, but it was done in an illegal man-
ner. If a directed judgment be now ordered, in the form
requested by appellant, it would be in effect a predetermina-
tion by this court of the question above stated in appellant's
favor.

Judgment reversed.

St. Sure, J., and Tyler, P. J., concurred.

A petition by respondents to have the cause heard in the
supreme court, after judgment in the district court of ap-
peal, was denied by the supreme court on June 26, 1924, and
the following opinion then rendered thereon:

THE COURT.—The petition for transfer to and hearing
by this court after decision by the district court of appeal
is denied. The statement is made in the opinion of that
court that a certain portion of the decision of the Civil
Service Board "was entirely within the lawful exercise of
its jurisdiction and has therefore become final and conclusive
and is not open to review or reconsideration." We interpret
this statement as applying only to the situation presented
by the record then before the court for review, and as
not intended to foreclose the parties from bringing a more
complete record before the court for review upon a retrial
of the case.