[Civ. No. 5949.   Third Appellate District.—April 13, 1938.]

J. LEONARD NILSSON, Respondent, v. STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA, et al., Appellants.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Appellants.

Albert E. Sheets for Respondent.

PULLEN, P. J.—This is an appeal from a judgment granting a writ of mandate to reinstate petitioner to the position of equipment inspector in the division of weights and measures of the department of agriculture, and requiring the payment to him of his salary of $150 each month from January 18, 1935.

On January 3, 1932, petitioner was appointed weighing and measuring equipment inspector at $150 a month under a temporary authorization granted by the state civil service commission for a period of three months, or until April 4, 1932. Such appointment was made under the provisions of section 11 of the State Civil Service Act, as amended (Stats. 1919, chap. 654, Deering's Gen. Laws, Act 1400), which provided that where there was no eligible list from which a position could be filled, the appointing power, with the consent of the civil service commission, might fill such position by temporary appointment, such temporary appointment, however, not to continue for a period longer than three months, nor could successive temporary appointments be made to the same position without the previous consent of the commission, and that no person could hold a position under such successive temporary appointments for a longer period than six months without the unanimous consent of the commission.

The commission keeps a roster similar to a card index system, under the provisions of section 16 of the Civil Service Act, by which the commission is directed to keep such roster of all persons holding positions under the Civil Service Act, and must show in connection with each name the date of appointment, promotion, reduction, transfer, change or separation from position, etc. Upon the roster card of petitioner is found a notation, "extended until eligibles appointed C.S.C. 9/15/32", although nothing is found in the minutes of September 15, 1932, referring directly to the temporary extension of the appointment of respondent.

In regard to the foregoing notation found on the card, the chief personnel technician testified that about September 2, 1932, a request was sent to the individual members of the civil service commission and the chief of the division of personnel and organization for the approval of various temporary appointments, including that of petitioner, and in due time approval was received from at least two of the members, and the notation made accordingly.

From the roster also it was indicated that petitioner was given a temporary appointment January 4, 1932, and acquired civil service status December 20, 1934, by virtue of the provisions of section 5 (e) of article XXIV of the Constitution, and was dismissed January 18, 1935.

On November 25, 1933, an examination was held for the position of weighing and measuring equipment inspector, and the eligible list created thereby was announced July 25, 1934. On that list petitioner stood eighth. Some time in 1933 the director of agriculture, in whose department petitioner was working, wrote to Mr. Levers, his chief accountant, as follows:

"This letter is to authorize you as chief accountant and secretary to sign all claims, purchase estimates, forms, checks or documents that relate to finance, civil service, or any items of a general nature affecting the accounting office."

In December, 1934, the director of agriculture instructed Mr. Tucker, chief of the division of weights and measures, to follow the provisions of the Civil Service Act, and to work out any changes necessary with Mr. Levers, as it was necessary, through lack of funds, to reduce their personnel. Acting upon instructions from Mr. Levers, Mr. Tucker, petitioner's immediate superior, advised him by letter, dated December 29, 1934, that for reasons of economy and efficiency the services of the division of weights and measures had to be curtailed and the personnel reduced, and that petitioner, after taking the vacation to which he was entitled, would terminate his services January 18, 1935. A report of this separation was filed by the civil service commission on January 22, 1935. The foregoing constitutes briefly the facts here involved.

It is the contention of appellant, first, that after April 4, 1932, petitioner never lawfully held a position with the state, and thereafter had no rights under article XXIV of the Constitution nor the Civil Service Act.

It is undisputed that petitioner received a temporary appointment under the provisions of section 11 of the Civil Service Act for a period of three months, or until April 4, 1932. On September 15, 1932, the notation hereinbefore referred to was made upon the roster card, which purported to extend the term of service until eligibles were appointed. Appellant, however, contends that this entry was only an informal notation, and that evidence of the action of the commission must be found in the official minutes. The minutes of the meeting held on September 15, 1932, are silent as to any action taken by the commission in regard to the extension of the temporary appointment of the petitioner, although it will be recalled from the testimony of the chief personnel technician, that the entry on the roster card was placed

thereon after the request had been sent to the individual members of the civil service commission asking for the approval of the temporary appointments of the various employees, including that of petitioner.

Section 11 of the Civil Service Act, *supra,* provides conditions and terms of service under which temporary appointments may be made to fill positions when there is no eligible list for such positions, and appellant points out that the records disclose the original temporary appointment here was made on January 4, 1932, which terminated April 4, 1932, and that the record is silent as to any other or successive appointment of the petitioner. It is also pointed out that but two of the members of the commission acted in regard to the appointment of petitioner on September 15, 1932, and that there appears to be a gap from April 2, 1932, to September 15, 1932, wherein there is found no authority for the employment of petitioner.

Petitioner replying to this contention maintains that the roster being kept under the provisions of the Civil Service Act (sec. 16) and being the official record of the commission relative to a state employee is *prima facie* evidence of the facts stated therein. Section 1920 of the Code of Civil Procedure provides:

"Entries in public or other official books or records, made in the performance of his duty by a public officer of this state, or by another person in the performance of a duty specially enjoined by law, are *prima facie* evidence of the facts stated therein."

To this argument appellant replies that the minutes of the meeting of the civil service commission held September 15, 1932, contradicts the roster card in that the minutes fail to show any action in reference to petitioner, and that no such action was taken. However, we find no requirement in law that the minutes should contain this information in regard to examinations, appointments, eligible lists, dismissals, promotions, increases or reductions in salaries, and numerous other petty details regarding state employees.

An examination of petitioner's roster card also reveals that beginning with January, 1932, and continuing from that time to and including January, 1935, there was a check after each month which indicated, as shown by an officer of the commission, that petitioner's status had been checked by the com-

mission and he had been found to be lawfully holding such position, and his salary paid accordingly.

It was the duty of the chief of the division of personnel and organization to make an extension of petitioner's appointment upon the roster, and it would appear that such notation had been made. In the absence of proof that such notation had not been made under the direction of such officer, the presumption becomes evidence of that fact, that an official duty has been regularly performed. The burden of proof that an officer did not perform his duty is upon one asserting such irregularity. (*Hackett* v. *Morse,* 45 Cal. App. 788 [188 Pac. 308] ; *In re Kent Estate,* 6 Cal. (2d) 154 [57 Pac. (2d) 901].)

Petitioner introduced evidence through the office of the state controller that his name appeared upon the payrolls of the division of weights and measures of the department of agriculture. This payroll required a certification by the civil service commission that all persons named therein were holding positions as provided by the Civil Service Act; it also required a certificate by the department of agriculture through the chief disbursing officer, that the payroll was correct and that the work had been actually performed on the days and during the months specified, and that the individuals whose names appeared therein were employed in accordance with law, which certificate was attached each month.

Petitioner does not rely entirely upon presumptions and burden of proof in order to support his position, but points out evidence in the record to show that the civil service commission and the chief of the division of personnel and organization acted in extending his appointment. Mr. Kroeger, chief personnel technician, testified in regard to the notation on the roster "extended until eligibles appointed" that a memorandum was sent to the individual members of the civil service commission and the chief of the division of personnel and organization, asking for the approval of temporary employment of various individuals, including Mr. Nilsson.

This witness explained how the entry was made extending petitioner's status until eligibles were appointed. Memorandums were sent to members of the civil service commission, and to the chief of the division of personnel and organization, asking for the approval of various temporary authorizations, including petitioner. That memorandum was returned with

the approval of two members of the commission, and inasmuch as Mr. Kroeger was acting for Mr. Brownrigg, the chief of the division of personnel and organization, notice of the request was, presumably at least, given Mr. Brownrigg. Then, as the witness stated, " . . . acting upon the informal approval of the members, the entry was made on the card."

Mr. Kroeger also testified that after examining the records and checking the status, as his department was commended to do by the Civil Service Act, Mr. Nilsson was found qualified, and so noted the fact on the roster. It was upon such undisputed evidence the trial court found that petitioner was the lawful holder of his position, and had been for six months prior thereto, and had obtained civil service status, a finding we believe fully supported by the evidence, and in accordance with law.

Furthermore, it is argued by petitioner that he was never lawfully dismissed from his position in the state cervice. The letter hereinbefore referred to from the director of the department of agriculture to Mr. Levers, did not vest in him the power of dismissal, but apparently related only to the work of the accounting office, and contained no statement conferring general authority to act in any matter of appointment or dismissal. In *Garvin* v. *Chambers*, 195 Cal. 212 [232 Pac. 696], the court laid down the rule which holds that procedure for dismissal must be strictly followed to be effective, a principle which has been frequently repeated, and therefor, petitioner having acquired the status of a probationer was entitled to have the statutory procedure for dismissal strictly followed. The Civil Service Act, section 9, which provides the method of procedure for dismissal of a probationer, reads:

"Unless such appointee shall have been dismissed within such probationary period by the appointing power, for reasons stated in writing and filed with the commission, his appointment shall become permanent, subject to the provisions of this act as to removals, suspensions and changes."

As to what constitutes reasons as referred to in section 9 of the act, we find in rule 9, section I, of the civil service commission:

"If during the probationary period the conduct or capacity of the probationer has not been satisfactory to the appointing

power, the probationer may be dismissed in the discrction of the appointing power, and the appointing power shall inform the executive member of the commission in writing of the reasons for such dismissal."

Here we find no reasons relating to the conduct or capacity of the petitioner stated in writing as a ground for dismissal. In fact the record discloses no reason that could be given for such dismissal.

As to the question of laches advanced by appellant, the findings of the trial court are against such contentions, and having in mind the rule as laid down in the case of *La Shells* v. *Hench,* 98 Cal. App. 6 [276 Pac. 377], we believe that no laches has been or can be shown.

For the reasons stated, therefore, the judgment of the trial court should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 13, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.