## HOWARD, Estate of, In re.

Probate Court of Franklin County, Ohio.

No. 119048.     Decided September 11, 1946.

Fred C. Rector, Columbus, Henry A. Reinhard, Columbus, Warren A. Smith and Humphrey and Montgomery, Attorneys.

**OPINION**

By McCLELLAND, J.

This matter is at this time presented to the Court on two Motions, one a Motion for a new trial, and the second, a Motion to Dismiss the complaint for the alleged reason and upon the ground that there is no evidence to show that the defendant is guilty of any concealment of assets in the estate of the decedent Oren J. Howard.

At the trial of this matter the Court rendered a written opinion finding that the defendant is guilty of withholding certain property mentioned in the complaint as belonging to the estate of the deceased.

The Court will first consider the Motion to Dismiss. In discussing this motion the Court may be also discussing other matters recited by the Motion for a New Trial.

The defendant relies upon the case of **Goodrich v Anderson**, reported in **136 Oh St 509**, and also the decision of the Supreme Court of Ohio, **in re: Estate Black**, reported in **145 Oh St 405**. Referring to the Goodrich case above mentioned, the Court finds the syllabi to read as follows:

1. The purpose of §§10506-67 to 10506-77 inc, GC, relating to proceedings to discover concealed or embezzled assets of an estate, is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration.

2. Where, in such proceeding, the defendant is found not guilty of concealing or embezzling assets of the estate of the decedent, the court may not proceed to determine other issues, but has no alternative except to dismiss the complaint.

As above noted, the first syllabus contains a statement that the purpose of the sections under which this action is brought is not to furnish a substitute for a civil action to recover a judgment for money, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration.

With the statement of the law contained in the above syllabi this Court is in perfect accord. The application of

the law to the facts in that case has given not only this Court, but other courts, considerable difficulty. It is quite apparent that the decision states the circumstances under which the statute does not apply, but it is not clear in its statement as to the circumstances to which the statute does apply.

The Supreme Court, in the Black case, to which we have above referred, does make itself somewhat more clear in regard to the application of the statute under investigation. The five syllabi contained in that report are as follows:

"1. Secs. 10506-67 and 10506-73, GC, provide a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to a trust estate, title to which was in a decedent at his death or in a ward when his guardian was appointed; or to recover property, belonging to a trust estate, concealed, taken or disposed of after the appointment of the fiduciary.

"2. A complaint filed under §10506-67 GC, involves a charge of wrongful or criminal conduct on the part of the person accused.

"3. In a proceeding under §10506-67 et seq, GC, a finding of guilty or not guilty is required with the imposition of a penalty upon a finding of guilty, and the statutes should not be extended by implication beyond their manifest purpose, to reach persons or matters not covered by the descriptive terms of the statutes.

"4. A proceeding instituted by a guardian under §10506-67 GC, to recover property alleged to belong to his ward's estate, may not be successfully pursued where it appears from the evidence that title to such property had been transferred by the ward, pursuant to a valid agreement, prior to the guardianship.

"5. Resort may not be had to §10506-67 et seq, GC, to collect a debt, obtain an accounting or adjudicate rights under a contarct."

Now, coming to examine the first syllabus of that case, we find that the Court recites that the proceeding authorized by those statutes is a summary one, inquisitorial in nature, and to recover specific property or proceeds or value thereof belonging to the trust estate, title to which was in the decedent at his death, or in a ward when his guardian was appointed; or to recover property belonging to a trust estate, concealed, taken or disposed of after the appointment

of the fiduciary. Two circumstances therefore, must always exist in order that a Court may exercise its authority under the above named statutes. The first circumstance is that the deceased or the ward, prior to the appointment of a fiduciary, was the owner of the property, and second, that the fiduciary has the right of possession of same or the value of the property. If both of these circumstances are not shown by the testimony, then the Court should dismiss the application or render a judgment for the accused.

It therefore becomes quite obvious that this statute may not be used as a remedy when the relation of debtor or creditor exists, nor to enforce the terms of a contract, nor to invoke the equity power of the Court when the remedy is primarily an equitable remedy.

In the case at bar, the evidence disclosed that the decedent was owner of certain monies which, during his lifetime, passed into the possession of the accused. It is alleged in the complaint that the property belonged to the decedent and the title of same passed to his personal representative who has the right to the possession of same. Therefore, as the complaint is stated, the Court does have jurisdiction of the subject matter as it comes plainly within the terms of the statute.

Now, upon examination of the complaint we find it contains the following language:

* * * that Estelle Lanman has concealed, embezzled or conveyed away moneys, goods, chattels, things in action or effects belonging to the estate of said decedent, in fraud of the rights of the undersigned and others interested in the said estate. * * *

At the hearing of the matter the Court rendered its written opinion, in which it found that the defendant, Estelle Lanman, is guilty of withholding the property hereinbefore mentioned, as belonging to the estate of the deceased. The complaint charged that she has concealed, embezzled, or conveyed away monies, goods, chattels, things in action or effects belonging to the estate of the decedent, but it does not charge her with having been or being in possession of same. The finding of the Court is therefore somewhat at variance to the allegations of the petition.

This Court has raised the question with counsel for the various parties as to the right of the Court to permit or

order the complainant to amend his complaint so as to conform to the evidence. This procedure is permitted in the trial of a civil action. When the evidence does not conform to the pleading, the pleading may be amended to conform to the evidence, but not to change the cause of action.

Referring now to the Goodrich case, the Court at page 513 uses the following language:

"The special proceeding instituted on such a complaint is quasi-criminal in character."

The Supreme Court in the Black case does not say that it is "quasi-criminal" in character, but it does say "inquisitorial in nature."

The statute provides for a penalty, which penalty of course enures to the benefit of the estate. When the accused is found guilty, it does not provide for a fine. A fine is a financial punishment for committing a wrong, and which fine is for the benefit of the public. There are many situations in which a penalty is imposed for the failure to perform a civil duty, such as the penalty inflicted upon the taxpayer when he does not pay his taxes within the proper time, or, the penalty inflicted by a municipality when a person does not pay his utility bills at the proper time. The fact that a penalty is imposed does not render the matter criminal, and therefore, in that respect, this statute is not a quasi-criminal statute. It is our opinion that the penalty inflicted is not as a punishment for doing a specific thing which has resulted in a wrongful detention of the property, but it is purely a punishment for the wrongful detention of same. Suppose the complaint had charged this accused with embezzling certain property, and the Court had found the person guilty of embezzlement and found the value of the property embezzled, and added a penalty thereto. Could anyone say that such a finding could be pleaded as a bar to a criminal prosecution for embezzlement? The question answers itself.

On examining the foregoing decision our attention has been called to another statement in which the Court, on page 513, finds that there must be a proof of a concealment in order to justify an entry of judgment. It is to be noted that in the very case which the Court is considering, the defendant was charged only with being in possession of the property in queestion. He was not charged with the concealment, and yet the Court holds that he must be found

guilty of concealment before the Court can give any redress to the complainant. If the Court is correct in that contention, then the trial Court may render a judgment as to any of the matters raised in the statute, even though the complaint does not allege same. It is quite obvious that concealment is more wrongful than being in possession of property, and, it is also obvious that embezzlement of property is probably more wrongful than concealment, and yet the Supreme Court in the above named case says that in a case where one is charged with being in possession of property, the Court must find him guilty of concealment before he can give him any redress. This statement, however, is not found in the syllabus, but it is one with which this Court is unable to agree.

After making the above reflections we are compelled to hold that the proceeding is not quasi-criminal in its nature, it is purely a special civil proceeding. Being a civil proceeding, the Court may in its discretion, permit or order the complainant to amend his complaint to conform to the evidence. The Motion to Dismiss is therefore overruled.

We now come to the Motion for a New Trial. At the hearing on the motion for a new trial, counsel for the accused, or defendant, urged the very matter which has been discussed and decided in the foregoing motion. The only other matter urged by counsel for the defendant at the hearing, was the fact that the Court admitted certain documentary evidence as being declarations of the deceased.

A similar question was raised in this Court when Hon. Dana F. Reynolds was Acting Probate Judge, in which he excluded certain proffered testimony of the deceased. This matter was taken to the Court of Appeals, and is reported in **71 Oh Ap page 127, in re Evans.** In our opinion this decision fully justifies this Court in adhering to its original holding that such evidence should be admitted and considered by the Court.

A number of other general assignments of error are made, but none of them were urged at the hearing. The Court has carefully examined the transcript of the testimony, having in mind all of the errors complained of in the motion for a new trial, and the Court finds no prejudicial error shown therein.

The Motion for a New Trial is therefore overruled, and an order may be drawn accordingly.