POTTHOFF *v*. POLICE AND FIRE DEPARTMENT
CIVIL SERVICE COMMISSION OF THE CITY OF SAGINAW

Administrative Law and Procedure—Civil Service Commission—
Review of Actions by Fire Department—Scope of Review.

> The power of a city police and fire civil service commission to
> hear and determine a disciplinary matter includes the power
> to pass on all questions presented, including reasonability of
> punishment.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 March 11, 1969, at Grand Rapids. (Docket No. 5,338.) Decided March 28, 1969.

Complaint by Edward H. Potthoff, Jr., against the police and fire department civil service commission of the city of Saginaw for an order of superintending control to vacate certain action taken by defendant in the case of disciplinary action initiated by plaintiff against Joseph V. Dollhopf. Order denied and action of defendant civil service commission affirmed. Plaintiff appeals. Dollhopf cross-appeals. Affirmed.

*W. Vincent Nash,* City Attorney, for plaintiff.

*John B. LaDue,* Assistant City Attorney, for defendant police and fire department civil service commission.

Reference for Points in Headnote
15 Am Jur 2d, Civil Service § 32 *et seq.*

*Rothe, Marston, Mazey, Sachs & O'Connell (Jerold Lax,* of counsel), for Joseph V. Dollhopf.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. On April 8, 1967, Joseph V. Dollhopf, assistant fire chief for the city of Saginaw, while responding to a fire alarm, operated his fire department vehicle in excess of the speed limit imposed by fire department regulations. After this incident, appellant Dollhopf's driving privileges in the department were temporarily suspended. They were restored shortly afterwards, but with the instructions that he was required to observe all traffic regulations even when driving in emergency vehicles. On June 4, 1967, while responding to a fire call in an emergency vehicle with the flasher and siren operating, appellant ran a red light and became involved in an accident. He was demoted in rank from assistant chief to fire captain; his salary was reduced accordingly.

A hearing was requested before the police and fire department civil service commission of the city of Saginaw by appellant to review the charges of "serious and wilful neglect of duty" and "insubordination." The commission found that Dollhopf had committed the acts alleged, but it reduced the penalty to a 90-day demotion in rank. By means of a complaint for superintending control, the removing officer, Edward H. Potthoff, obtained review in the Saginaw county circuit court. Dollhopf filed a cross-petition for review. The trial judge affirmed the order in its entirety, and from this judgment both appeal.

Dollhopf asserts the orders under which he was charged were improper and void; and, in any case,

the proofs did not support the charges of "serious and wilful neglect of duty" and "insubordination." Potthoff, in his cross-appeal, contends that while there was "cause" for the penalty imposed, and the commission did not have authority to amend or modify the penalty imposed by the removing officer.

A complete review of the testimony and arguments submitted discloses there was no error in the proceedings and the circuit court affirmance was proper. The orders were properly issued under the authority of the Saginaw fire chief. The proofs presented support the charges alleged.

The commission in reviewing the demotion had authority to examine the facts in support of the allegation which included the reasonability of the penalty imposed. As stated in *Groehn* v. *Corporation & Securities Commission* (1957), 350 Mich 250, 260, 261:

"Although differences in statutory or constitutional phraseology may be found in other jurisdictions, the following holding (*Hackett* v. *Morse*, 45 Cal App 788, 790, 791 [188 P 308]), well expresses our opinion on this branch of the case:

" 'It is our opinion that since the board shall fully hear and determine the matter, it must hear and pass upon all questions involved in the controversy. The question of what is a reasonable punishment for an offense is as important as the question of whether or not an employee committed an offense, and it is as necessary for the accomplishment of the purposes of the civil service system that the board have power to investigate the one as the other. There being no restriction upon the civil service board, we must hold that power fully to "hear and determine the matter" means power fully to hear and determine all parts of the "matter." The "matter" under investigation is the discharge of the plaintiff by the commissioners, the offense leading to his discharge, the surrounding

or extenuating circumstances, the need of discipline in the department in which the plaintiff was employed, and the effect of the example of the plaintiff's conduct upon other employees, are all parts of the larger question to be investigated by the board.' "

As a result, the setting aside of the demotion and the imposition of a lesser, temporary demotion was proper and was not an abuse of discretion. Consequently, this Court will not set aside the findings and order of the circuit court affirming the findings of the commission and approving the penalty imposed.

Affirmed. No costs, public question.