Filed 6/28/16  Pastore v. County of Santa Cruz CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VINCENT PASTORE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA CRUZ,<br><br>    Defendant and Respondent. | H042521<br>(Santa Cruz County<br>Super. Ct. No. CV180558) |

In this second of two related appeals, plaintiff Vincent Pastore challenges an order striking a purported "appeal" to the superior court from an administrative order—in this case, an order imposing upon him certain costs incurred by the County of Santa Cruz (County) in abating a nuisance on his property.  He contends that he was entitled bring such an appeal pursuant to Government Code section 53069.4 (§ 53069.4), which, properly construed, authorizes direct appeal from certain orders imposing "fines and penalties" pursuant to local ordinance.  Since the order from which he purported to appeal was intended to compensate the county and not to punish or deter, it did not impose a fine or penalty and the statute does not apply.  Accordingly, plaintiff's "appeal" was properly stricken.

BACKGROUND

As described in our decision in the related appeal (*Pastore v. County of Santa Cruz*, No. H042688, filed herewith), County issued an order in April 2014 abating a nuisance on property of which plaintiff is the record owner. The nuisance consisted of grading and land-clearing, without a permit, for purposes of cultivating medical cannabis. On July 24, after an administrative hearing, a hearing officer affirmed the order and directed that plaintiff abate the nuisance. The order provided that if plaintiff failed to abate the nuisance in a timely manner, the planning director was authorized "to cause the abatement of the public nuisance . . . and . . . report on the abatement costs pursuant to Santa Cruz County Code section 1.14.050." The last-cited section authorizes imposition of a special assessment on property to recover costs incurred by County in abating a nuisance after the landowner has failed to do so. (Santa Cruz County Code, tit. 1 § 1.14.050.)

On November 26, 2014, a county hearing officer issued a decision and order finding abatement costs of $18,962.45 and making them a special assessment lien against plaintiff's property, to be recorded within 21 days if not paid sooner.[1]

On December 3, 2014, acting in propria persona, plaintiff filed a "Notice of Appeal of Hearing Officer Decision and Order" in the superior court challenging the order of November 26. The notice recited that the appeal was taken "pursuant to California Code [*sic*] Section 53069.4," and asked the clerk to "set this cause for hearing before the above entitled Court, where the same shall be heard *de novo* in accordance with California Code [*sic*] Section 53069.4."

---

[1] Plaintiff asked us in his opening brief to take judicial notice that such a lien had by then been recorded. He provided no evidentiary basis for this assertion. (See Evid. Code, § 453, subd. (b).) Accordingly, the request is denied.

County moved to strike the notice of appeal on the grounds that "the Appeal is not the proper means to challenge the Administrative hearing Officer Decision and Order and that the challenge is inadequate and untimely." County argued that the only available means to challenge the administrative order was by petition for writ of administrative mandamus, which had to be filed "within 90 days of the order being that is being challenged." The attempted "appeal" pursuant to section 53069.4 was unsustainable, County contended, because that section relates only to administrative fines and penalties imposed by local agencies. County argued that the deadline to bring a proper challenge had expired, that the "appeal" could not be deemed a petition for administrative mandamus because it lacked several of the requirements for such a petition—notably allegations of fact sufficient to justify relief and a verification of those allegations under penalty of perjury—and that any amendment sufficient to cure these defects would be such a departure from the original allegations that it would not relate back to the original filing date. County requested that the court dismiss the purported appeal.

Plaintiff opposed the motion to strike chiefly on the ground that a direct appeal to superior court, with de novo review, was an available remedy under the authority of *Martin v. Riverside County Department of Code Enforcement* (2008) 166 Cal.App.4th 1406, 1412, which according to plaintiff had interpreted section 53069.4 to permit such a direct appeal from any " 'administrative decision like a ruling on a code violation.' " He also contended that the order imposed a "penalty" for purposes of section 53069.4. In the alternative, plaintiff requested that his appeal "be treated as a defective petition for administrative mandamus that was timely filed and permit him to amend such petition to conform to a style that would not invite an appropriate motion to strike."

The motion to strike was heard on March 26, 2015. At the conclusion of the hearing the court ruled, "The motion to strike without leave to amend is granted." On

3

April 22, it issued a written order stating, "The motion to strike . . . is granted in its entirety as petitioner's entire appeal without leave to amend." (Capitalization modified.)

On April 28, 2015, County gave notice of entry of the order striking the "appeal." Plaintiff filed this appeal 59 days later.

**DISCUSSION**

## I. *Appealable Order*

In the companion appeal plaintiff raised the question whether the order there under review was appealable. At first blush he seems to raise the same issue here. However he goes on to concede that the order here is appealable. This concession is puzzling, since no material distinction between the two orders readily appears. Both appear to effect a complete and final disposition of the matter before the trial court. In any event we conclude here, as we did there, that the order was in substance a final judgment, and thus appealable.[2]

## II. *Superior Court's Jurisdiction to Rule*

Plaintiff contends that the superior court was without jurisdiction to dispose of plaintiff's "appeal" as long as his earlier "appeal" from the July 24 order remained pending.[3] He offers no authority for this contention, but relies on an argument to the effect that this action was "dependent" upon the earlier, "predicate" action, making it "important not to permit a final judgment in the judicial proceeding that is dependent on

---

[2] As in the companion appeal, we note that the order *striking* the pleading may not have been equivalent to an actual *dismissal* of the action, which is generally the identifying feature of a de facto judgment. As explained there, however, we find it expedient to deem the order under review to incorporate a judgment of dismissal. (See *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.)

[3] Plaintiff's "appeal" from the July 24 order was filed in the superior court on August 21, 2014. His "appeal" from the order at issue here was filed on December 3, 2014. It is not immediately obvious how it happened that the later-filed "appeal" was resolved before the earlier-filed one.

4

the outcome of the other proceeding until after the predicate proceeding has achieved a judgment compatible with the dependent proceeding."

An argument unsupported by authority is not necessarily doomed to fail, but to succeed it must be accompanied by a *compelling* demonstration that the court should *make new law*. Plaintiff offers nothing approaching a compelling demonstration. We may well acknowldge that where the disposition of one action may affect or control the outcome of another, efficiency and fairness will often be served by resolving the first action before resolving the second. Efficiency and fairness are indeed important goals. But service to important goals is hardly enough to justify making a rule "jurisdictional." The law provides many devices and mechanisms by which to avoid the potential inefficiency of litigating related cases separately. These include the plea of another action pending, the liberal rules of joinder, and the power of the court to consolidate or coordinate related cases. Here plaintiff could have moved to consolidate his two "appeals," or he could simply have asked the court to stay its ruling on the December order until his "appeal" from the July 24 order was concluded. We can conceive of no reason to hold that the trial court was obliged to take such actions on its own motion or that its failure to do so deprived it of jurisdiction.

### III. *Viability of Appeal from Order Imposing Abatement Costs*

Plaintiff contends, as he did below and in the companion appeal, that the challenged administrative order—here, the order imposing abatement costs on him and affixing a commensurate lien to the subject property—was subject to de novo review in the superior court by direct appeal pursuant to section 53069.4. We rejected this argument in the related appeal, which concerned an administrative order affirming the existence of a nuisance and anticipating the possible imposition of abatement costs if plaintiff failed to abate the nuisance himself. Here the order directly imposed those costs.

5

The question is whether this distinction leads to a different result here than we reached in the related appeal. We are confident that it does not.[4]

Section 53069.4 empowers local agencies to adopt ordinances imposing "an administrative fine or penalt[y]" for "violation of any ordinance." It provides that a person subject to an order imposing such a fine or penalty may "fil[e] an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence." (§ 53069.4, subd. (b)(1) (§ 53069.4(b)(1).) This of course creates an exception to the general rule that a petition for administrative mandamus, pursuant to Code of Civil Procedure section 1094.5, is "the exclusive remedy for judicial review of the quasi-adjudicatory administrative action of local level agencies." (*Saad v. City of Berkeley* (1994) 24 Cal.App.4th 1206, 1211.)

Plaintiff contends that the statute is not limited to orders imposing fines or penalties but extends to *any* order made under an ordinance that *includes* provisions for the imposition of a fine or penalty. For this proposition he relies on language in the most pertinent clause of the statute. This clause, which is poorly drawn, states as follows: "Notwithstanding the provisions of Section 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision of the local agency is made pursuant to an ordinance enacted in accordance with this section regarding the imposition, enforcement or collection of the administrative fines or penalties, a person contesting that final administrative order or decision may seek review

---

[4] Plaintiff again cites *Martin v. Riverside County Department of Code Enforcement, supra,* 166 Cal.App.4th 1406, for the proposition that the statute extends beyond orders imposing fines and fees. At discussed in the companion appeal, that case did not involve, and the court did not purport to address, the scope of the statute. Cases are not authority for points neither considered nor decided in them. (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155.)

by filing an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence. A proceeding under this subdivision is a limited civil case. A copy of the document or instrument of the local agency providing notice of the violation and imposition of the administrative fine or penalty shall be admitted into evidence as prima facie evidence of the facts stated therein. A copy of the notice of appeal shall be served in person or by first-class mail upon the local agency by the contestant."  (§ 53069.4(b)(1).)

Much could be said about this nightmare of mangled syntax and cascading modifiers, but we will cut to the chase by pointing out the one portion that is flatly incompatible with plaintiff's reading:  the requirement that the appeal include "[a] copy of the document or instrument providing notice of the violation *and imposition of the administrative fine or penalty*."  (Italics added.)  This requirement obviously cannot be satisfied if no fine or penalty has been imposed.  It follows that, whatever the ambiguities and perplexities otherwise flowing from the statute, it was intended to extend only to orders imposing a fine or penalty.

The charge imposed here is not a "fine or penalty," because its purpose was wholly compensatory rather than punitive.  A "fine" is "[a] pecuniary criminal punishment or civil penalty payable to the public treasury."  (Black's Law Dict. (10th ed. 2014) p. 750, col. 1; see Merriam-Webster's Collegiate Dict. (10th ed. 1999) p. 436 ["a sum imposed as punishment for an offense"]; *Sanders v. Pacific Gas & Elec. Co.* (1975) 53 Cal.App.3d 661, 676, quoting *People v. Sutter Street Ry. Co.* (1900) 129 Cal. 545, 548 ["The term 'fine' refers to a pecuniary punishment 'imposed as a punishment only.' "]; *id.* at p. 677, quoting *In re Howard's Estate* (1946) Ohio Prob., 68 N.E.2d 820, 823 [33 Ohio Op. 510, 68 N.E.2d 820, 823] [" 'A fine is a financial punishment for committing a wrong, and which fine is for the benefit of the public. . . .' "]; *Petersen v. Civil Service Board of City of Oakland* (1924) 67 Cal.App. 70, 75 ["the word 'fine' as used in said

7

charter provision must be interpreted according to its ordinary meaning, which signifies a pecuniary punishment for an offense committed"].)

"[P]enalty" is a broader term, signifying "[p]unishment imposed on a wrongdoer, usu[ally] in the form of imprisonment or fine; esp[ecially], a sum of money exacted as punishment for either a wrong to the state or a civil wrong (*as distinguished from compensation* for the injured party's loss)." (Black's Law Dict., *supra*, at p. 1313, col. 2, italics added; see *ibid*. [defining "civil penalty" as "[a] fine assessed for a violation of a statute or regulation"].) Both fines and monetary penalties are distinguished from, and imposed without regard to, any compensatory remedy that may otherwise be available. (See *ibid*.; *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104, quoting *County of Los Angeles v. Ballerino* (1893) 99 Cal. 593, 596 (italics added) ["A 'penalty' . . . is that 'which an individual is allowed to recover against a wrong-doer, as a satisfaction for the wrong or injury suffered, and *without reference to the actual damage sustained. . . .*' "]; *People ex rel. Dept. of Conservation v. Triplett* (1996) 48 Cal.App.4th 233, 252, quoting *Miller v. Municipal Court* (1943) 22 Cal.2d 818, 837 [" 'a "penalty" includes any law compelling a defendant to pay a plaintiff other than what is necessary to compensate him for a legal damage done him by the former' "].)[5]

Here the charge imposed on plaintiff was entirely compensatory in character and purpose. The order imposing it itemized the costs incurred by County in abating the nuisance it had found on plaintiff's property. No part of the assessment was divorced from the costs actually incurred, as found by the hearing officer. Accordingly it was not a "fine or penalty," and fell squarely outside section 53069.4.

---

[5] That the cited cases refer to controversies between private persons does not detract from their applicability to a "penalty" imposed by a public agency. The paucity of "penalty" cases in that context probably reflects the fact that the more common usage there would be "fine."

8

We conclude, as in the companion case, that the challenged administrative order could only be reviewed by petition for administrative mandamus and that plaintiff's purported appeal was properly dismissed.

## DISPOSITION

The order granting the motion to strike without leave to amend is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

MÁRQUEZ, J.

10