Filed 6/28/16  Pastore v. County of Santa Cruz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VINCENT PASTORE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF SANTA CRUZ,<br><br>    Defendant and Respondent. | H042688<br>(Santa Cruz County<br>Super. Ct. No. CV179844) |

In this first of two related appeals, plaintiff Vincent Pastore challenges an order of the superior court striking without leave to amend a purported "appeal" from an administrative order affirming a nuisance abatement order.  Plaintiff contends that he was entitled to maintain a direct appeal, rather than proceed by petition for administrative mandamus, by virtue of Government Code section 53069.4 (§ 53069.4), which authorizes such appeals from orders by local administrative agencies imposing a "fine or penalty." Since no fine or penalty was imposed here, the statute does not apply, and plaintiff's remedy lay in administrative mandamus.  Since he elected instead to pursue a remedy which is not available to him, the trial court acted quite correctly in striking the "appeal." Accordingly, we will affirm that order.

## BACKGROUND

The County of Santa Cruz (County) issued an order on April 9, 2014, to abate a nuisance on certain property of which plaintiff Pastore was identified as the "current record owner/property manager/agent of Angela Young," the "former owner of record." Plaintiff apparently filed an administrative appeal, resulting in an order on July 24, 2014, by an administrative hearing officer, who sustained the finding that a public nuisance existed on the property "as a result of a violation of Santa Cruz County Code Chapter 7.126 [cultivation of cannabis without complying with all of the environmental requirements of Title 16, specifically, Santa Cruz County Code sections 16.20.210(a) and 16.22.160(b)]."[1]  The officer directed that plaintiff remove all cannabis plants within 10 days, failing which "the County Planning Director, or her designee, is hereby authorized to cause the abatement of the public nuisance in accordance with Santa Cruz County Code section 1.14.030 and shall report on the abatement costs pursuant to Santa Cruz County Code section 1.14.050."  Under the last-cited section of the county code, a special assessment could be imposed on the property for some or all of the abatement costs incurred by County.  (Santa Cruz County Code, tit. 1, § 1.14.050.)

On August 21, 2014, acting in propria persona, plaintiff filed a "Notice of Appeal of Administrative Officer Decision and Order" in the superior court.  The notice challenged the July 24 order, which it asserted had been "given . . . pursuant to Government Code section 53069.4," and requested the clerk to "set this cause for hearing

---

[1]  The first of the cited provisions concerns the cultivation of medical cannabis and includes a provision stating, "The cultivation of cannabis shall be carried out in compliance with all requirements of SCCC Title 16, Environmental and Resource Protection . . . ."  (Santa Cruz County Code, tit. 7, § 7.126.040(N).)  The second citation is to an ordinance generally requiring a permit for any grading of property.  (*Id.*, tit. 16, § 16.20.210.)  The third cited ordinance generally requires a permit prior to any "land clearing."  (*Id.*, tit. 16, § 16.22.160(b).)

2

before the above entitled court, where the same shall be heard de novo in accordance with Government Code Section 53069.4."

County moved to strike the notice of appeal on the grounds that "the Appeal is not the proper means to challenge the Administrative hearing Officer Decision and Order and that the challenge is inadequate and untimely." County argued that the only available means to challenge the administrative order was by petition for writ of administrative mandamus, which had to be filed "within 90 days of the order that is being challenged." Plaintiff's attempted "appeal" pursuant to section 53069.4 was unsustainable because that section relates only to administrative *fines and penalties* imposed by local agencies. County argued that the deadline to bring a proper challenge had expired, that the "appeal" could not be deemed a petition for administrative mandamus because it lacked several of the requirements for such a petition—notably, a verification and allegations of fact sufficient to justify relief—and that any amendment sufficient to cure these defects would be such a departure from the original allegations that it would not relate back to the original filing date. County requested that the court dismiss the purported appeal.

In support of the motion to strike, County requested judicial notice of the July 24, 2014 administrative hearing officer's decision, and of a later decision finding that County had incurred $18,962.45 in costs of abatement, costs of enforcement, and attorney fees, and directing that this sum become a special assessment on the subject property.[2] The latter order is the subject of the related appeal, No. H042521.

Plaintiff filed opposition to the motion to strike in which he contended that (1) a motion to dismiss, not a motion to strike, was the proper means to reach the defects asserted by County; (2) direct appeal to the superior court, with de novo review by that

---

[2] Although the two documents are described as exhibits to the request, they do not appear in the clerk's transcript on appeal. However the same two documents do appear in connection with the similar request in the related appeal, No. H042521.

3

tribunal, was an available remedy under the authority of *Martin v. Riverside County Department of Code Enforcement* (2008) 166 Cal.App.4th 1406 (*Martin*); (3) contrary to County's position, the rule of *Martin* was not limited to review of fines and penalties but applied to any attempt to obtain judicial review of " 'an administrative decision like a ruling on a code violation' "; (4) in any event, the assessment here constituted or effected a "penalty"; and (5) withholding the remedy of appeal would lead to absurd results.[3]  In the alternative, plaintiff requested that his appeal "be treated as a defective petition for administrative mandamus that was timely filed and permit him to amend such petition to conform to a style that would not invite an appropriate motion to strike."

In reply County contended that the *Martin* decision and the statute on which it relied had no bearing on the July 24 order, which imposed no fines or penalties but merely affirmed an order abating a nuisance.  It reiterated its argument that the time to file a petition for administrative mandamus had passed, and argued further that if the court were to treat the "appeal" as such a petition, it should deny it without leave to amend in view of its manifest deficiencies.

After a hearing at which the parties elaborated to some extent upon their respective arguments, the court granted the motion to strike without leave to amend.  It ruled that (1) plaintiff had "no right to appeal the Administrative Order pursuant to California Government Code section 53069.4 because the Administrative Order did not award fines or civil penalties"; (2) plaintiff had been duly notified of his right to seek review by administrative mandamus, but had failed to exercise that right; and (3) the appeal was "deficient and defective as a petition for writ of mandate" in that it was

---

[3]  This at any rate is what he argued in a similar memorandum in the related appeal, No. H042521.  Two pages are missing from the copy of the opposition memorandum in the clerk's transcript here.

unverified, the administrative record was not made available to the court, and the "notice of appeal" was submitted on information and belief.

County served notice of the order granting the motion to strike on June 10, 2015. Plaintiff filed a notice of appeal to this court on August 10, 2015. Because the preceding day was a Sunday, the appeal is timely.

**DISCUSSION**

### I. Appealable Order

Plaintiff discusses at some length the question whether the order granting the motion to strike is appealable. Since this discussion casts doubt on our jurisdiction, we must address it at the threshold. The gist of the argument seems to be that the court's written order was ambiguous with respect to leave to amend. If it allowed leave to amend, it was not a final disposition of the action and thus not an appealable judgment. (See *Continental Cas. Co. v. Rizzio Truck Co.* (1963) 217 Cal.App.2d 771.) Plaintiff finds a possibility of amendment in the court's statement that the motion was granted "without leave to amend *the appeal*." (Italics added.) According to plaintiff, this wording raised the possibility that he could have filed a new petition for administrative mandamus without violating the court's written order. In that view, he suggests, the order may not have effected a complete and final disposition of the action. If that is true, the order is not a de facto judgment and a direct appeal from it will not lie.

Intriguing as plaintiffs ruminations on this point may be, any suggestion of lack of appellate jurisdiction is defeated by the fact, which he readily acknowledges, that the court's oral statement of its ruling was free of the ambiguity plaintiff detects in the written order. As orally pronounced, the order was, in relevant part, to "deny the request to file an amended writ petition because . . . it would be untimely . . . based upon the fact that the notice of appeal didn't include those allegations that you're including here

5

today . . . and therefore . . . I'm going to grant the motion to strike without leave to amend."

It is no longer the invariable rule that the court's oral remarks prevail over conflicting statements in the clerk's transcript. (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346, citing *People v. Smith* (1983) 33 Cal.3d 596, 599, and *People v. Harrison* (2005) 35 Cal.4th 208, 226.) Here, however, there is little if any real conflict, and the two statements are easily reconciled by understanding both of them to mean that leave was denied to amend plaintiff's pleading, which he had styled an "appeal," and which the court therefore referred to as such in the written order. The court plainly intended that its order would terminate all further proceedings in this matter. Accordingly, the order was in substance a final judgment, and thus appealable.[4]

## II. Viability of "Appeal" from Affirmance of Nuisance Abatement Order

Plaintiff's only argument on the merits is a reiteration of his argument below that his "appeal" from the administrative order affirming the nuisance abatement order entitled him to de novo review of that order in the superior court. The argument depends on a blinkered reading of both the judicial decision he cites and the statute on which that decision rests.

Section 53069.4, subdivision (a)(1), provides, "The legislative body of a local agency . . . may by ordinance make any *violation of any ordinance* enacted by the local

---

[4] It might be argued that the order *striking* the pleading did not effect a *dismissal* of the action—although County had prayed for such dismissal—and thus did not constitute a de facto judgment. In comparable situations involving orders sustaining a demurrer without leave to amend, we have sometimes *deemed* the order to incorporate a judgment of dismissal. (E.g., *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.) To dismiss the appeal creates a risk that the appellant may secure entry of judgment—however belated—and file a second, duplicative appeal. To avoid the delay and expense of such an approach, we will deem the present order to incorporate a judgment of dismissal.

agency subject to an *administrative fine or penalty*. The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties. Where the violation would otherwise be an infraction, the administrative fine or penalty shall not exceed the maximum fine or penalty amounts for infractions set forth in subdivision (b) of Section 25132 and subdivision (b) of Section 36900." (Italics added.) The statute then declares that, in specified situations, the agency's procedures must "provide for a reasonable period of time . . . for a person responsible for a continuing violation to correct or otherwise remedy the violation prior to the imposition of administrative fines or penalties." (*Id*., subd. (a)(2).) This is followed by the provision upon which plaintiff relies: "Notwithstanding the provisions of Section 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision . . . regarding the imposition, enforcement or collection of the administrative fines or penalties, a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence. A proceeding under this subdivision is a limited civil case. A copy of the document or instrument of the local agency providing notice of the violation and imposition of the administrative fine or penalty shall be admitted into evidence as prima facie evidence of the facts stated therein. A copy of the notice of appeal shall be served in person or by first-class mail upon the local agency by the contestant." (*Id*., subd. (b)(1).)

As we read this provision it is solely concerned with the imposition of "administrative fines or penalties." The order under scrutiny here did not impose *any* monetary exaction, let alone a fine or penalty. It directed that plaintiff himself abate, within 10 days, the nuisance County had found to exist on his property, and that if he

7

failed to do so the planning director could "cause the abatement of the public nuisance in accordance with Santa Cruz County Code section 1.14.030 and shall report on the abatement costs pursuant to Santa Cruz County Code section 1.14.050." The order alluded to a possible *future* monetary imposition for "abatement costs," but the order itself did not impose anything other than an obligation to abate the identified nuisance. Such an order falls outside the sweep of the statute.

Plaintiff contends that a contrary conclusion flows from *Martin, supra,* 166 Cal.App.4th 1406. That case involved a $500 fine imposed by a local agency based upon a landowner's violation of an ordinance prohibiting grading without a permit. The landowner sought administrative review, contending that the ordinance, as applied to him, was preempted by state and federal law. This challenge was rejected and the landowner, acting in pro per, petitioned the superior court for a writ. The trial court, treating the matter at least in part as a trial de novo pursuant to section 53069.4, denied the petition. In the passage emphasized by plaintiff, the reviewing court wrote, "Government Code section 53069.4 provides for alternative procedures for challenging *an administrative decision like a ruling on a code violation*, either by a de novo appeal to the superior court to be heard by a judge or a subordinate judicial officer or by a petition for writ of mandate under Code of Civil Procedure sections 1094.5 and 1094.6." (*Id.* at p. 1412, italics added.)

Plaintiff seizes upon the language we have italicized to contend that section 53069.4 extends beyond orders imposing fines or penalties. While it is regrettable that the court did not take greater pains to confine its language to the issues actually before it, the case can hardly be viewed as a warrant to extend the statute beyond its terms. " ' "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." ' [Citation.] 'An appellate decision is not authority for

8

everything said in the court's opinion but only "for the points actually involved and actually decided." ' [Citation.]" (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155.) There was no occasion in *Martin* to decide whether section 53069.4 applied to orders not imposing fines or penalties. It was undisputed there that the challenged order, which "imposed a fine of $500," was subject to the statute. (*Martin*, *supra*, 166 Cal.App.4th at p. 1409.) The order at issue here, in contrast, did not impose a fine or any other monetary exaction. There is no reason to suppose—loose language notwithstanding—that the court even considered the possibility of applying the statute to such an order.

Plaintiff has failed to persuade us that section 53069.4 applies to orders not imposing fines and penalties. The order here therefore fell well outside the purview of the statute, which conferred no right on plaintiff to judicial review by direct appeal. The only vehicle by which plaintiff could have secured judicial review is the one of which he was explicitly notified by County, namely, a petition for a writ of administrative mandamus. The trial court acted quite properly in striking his purported appeal.

## DISPOSITION

The order appealed from is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

MÁRQUEZ, J.