Filed 6/10/21  Fratus v. County of Contra Costa CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CLARK FRATUS, et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>COUNTY OF CONTRA COSTA,<br><br>        Defendant and Respondent. | A157397<br><br>(Contra Costa County<br>Super. Ct. No. MSN10-1322) |

This is the third appeal from a code enforcement dispute between appellants Clark and Karla Fratus and respondent the County of Contra Costa (County) that began more than a decade ago.  In the first appeal (*Fratus v. Contra Costa County Department of Conservation and Development* (Aug. 23, 2017, A147841) [nonpub. opn.]) (*Fratus I*)), we reversed the trial court's order denying appellants' motion for attorney fees and remanded with directions to award attorney fees under Government Code section 800.  On remand, appellants renewed their request for attorney fees under Government Code section 25845 and other statutory grounds.  Believing itself to be bound by the narrow scope of our prior remittitur, the trial court awarded fees under Government Code section 800 and otherwise denied their request.  Appellants appealed a second time, arguing that our prior opinion did not foreclose other bases for recovery of fees.  We agreed and reversed,

1

remanding the matter to the trial court for further consideration. (*Fratus v. County of Contra Costa* (Sept. 28, 2018, A153424) [nonpub. opn.]) (*Fratus II*).)

On remand, the trial court ruled that appellants are entitled to the statutory maximum of $7,500 in attorney fees under Government Code section 800, but are not entitled to additional attorney fees under Government Code section 25845. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The County Alleges Building and Zoning Code Violations

Appellants own two properties on Dutch Slough Road in Oakley. In October 2007 and December 2008, a County building inspector issued notices to comply for the properties, directing appellants to correct certain building and zoning code violations. The notices asserted that one of the properties was not permitted for living space in both stories of the dwelling, and the other property was not permitted for two separate residences. The notices stated that if the violations were not corrected, the County would pursue one or more different code enforcement remedies, including an order to abate or the imposition of administrative penalties. These notices contained no language regarding the recovery of attorney fees.

The County then issued notices of intent to record notices of pending nuisance abatement proceedings with respect to the two properties, citing Contra Costa County Ordinance Code (Ordinance Code) section 14-6.414, within the "Civil Enforcement" chapter (Chapter 14-6).[1] Although appellants provided various records to the County supporting the lawfulness of the structures, the County recorded the notices of pending nuisance abatement proceedings.

---

[1] All undesignated statutory references are to the Contra Costa County Ordinance Code.

2

## B. The County Imposes Fines

In May 2009, County code enforcement officers issued three notices of fines under section 14-12.006, located within the Ordinance Code's "Administrative Penalty System" chapter (Chapter 14-12). Each notice imposed a $4,300 fine for building and zoning violations at appellants' properties. The three notices had the same reference numbers and detailed the same alleged violations as the prior abatement notices. The notices of fines advised that if the fines were not paid, "legal action may be taken to collect the penalty" and "[i]f a judicial action is required to collect the penalty, the County will seek to recover its attorney fees and cost from you." This was the first time the County had indicated an intent to seek its attorney fees. Appellants submitted an appeal of the fines to the Building Inspection Division of the County's Department of Conservation & Development.

## C. Administrative and Judicial Proceedings

The administrative appeal hearing on the three notices of fines was held in November 2009 before the County's deputy zoning administrator and building official. The appeal hearing was held "[p]er the provisions of the County Administrative Penalty System (Chapter 14-12)."

On December 8, 2009, the County issued a final administrative order, imposing $12,900 in fines for the violations found on appellants' two properties. The order indicated that if legal action was required to collect the fines, the County would seek to recover its costs under Code of Civil Procedure section 1033.5. Appellants were advised that judicial review was available pursuant to Government Code section 53069.4.[2]

---

[2] Government Code section 53069.4, subdivision (b)(1) provides, in part: "Notwithstanding Section 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision of the local agency is made pursuant to an ordinance enacted in accordance with

3

On December 28, 2009, appellants filed an appeal from the December 8, 2009 final administrative order in the superior court. The notice of appeal indicated that the appeal was taken under Government Code section 53069.4. On August 13, 2010, appellants, acting pro per, filed a separate petition for writ of administrative mandamus, combined with a complaint for damages. The complaint was later dismissed. The petition requested the issuance of a writ to set aside the December 8, 2009 administrative order and sought attorney fees and costs. The trial court consolidated the appeal and writ petition under Case No. N10-1322.[3]

On June 2, 2011, the trial court issued a minute order granting the petition for administrative mandate. The minute order directed the County to set aside the December 8, 2009 order imposing fines on appellants' two properties. No relief was ordered with respect to abatement. In November 2012, the County recorded releases of the February and March 2009 notices of pending nuisance abatement proceedings. The recorded notices stated that the "nuisance abatement proceeding[s]" had been completed and the properties were "no longer in violation."

The trial court's order and judgment granting the petition for writ of administrative mandate was not filed until July 2015. In October 2015, the County's Board of Supervisors (Board) complied with the writ and set aside the fines.

---

this section regarding the imposition, enforcement, or collection of the administrative fines or penalties, a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the superior court, where the same shall be heard de novo. . . ."

[3] We grant the County's September 14, 2020 unopposed request for judicial notice of the docket relating to appellants' December 28, 2009 appeal.

4

**D.    Appellants Seek Attorney Fees**

In September 2015, appellants filed a motion for attorney fees based on three separate grounds.  Appellants claimed they were entitled to reimbursement of all their attorney fees under Government Code section 25845, to $7,500 in fees for each plaintiff pursuant to Government Code section 800, and to "private attorney general" attorney fees under Code of Civil Procedure section 1021.5.  The trial court denied the motion, holding that appellants were not entitled to attorney fees under Government Code section 800 or Code of Civil Procedure section 1021.5.  The order was silent on the applicability of Government Code section 25845 and the related County abatement ordinance provision, section 14-6.426, subdivision (c) (hereafter section 14-6.426(c)).  Appellants appealed the order.

In *Fratus I, supra,* appellants argued they were entitled to attorney fees under both Government Code sections 800 and section 14-6.426(c). (*Fratus II* at *6.).  This Court reversed the trial court's order and remanded with instructions to award attorney fees under Government Code section 800. (*Ibid.*)[4]  We did not address appellants' contention that they can recover attorney fees under Government Code section 25845.

On remand, the trial court granted appellants' motion for attorney fees but limited the award to the maximum of $7,500 under Government Code section 800.  The court declined to consider recovery under Government Code section 25845 because it believed that our prior remittitur did not permit

---

[4] Government Code section 800 provides for recovery of reasonable attorney fees, not to exceed $7,500, by a prevailing party in civil actions challenging arbitrary and capricious administrative determinations by public entities or officers thereof.  (Gov. Code, § 800, subd. (a).)  Appellants did not contest the denial of attorney fees under Code of Civil Procedure section 1021.5.  (*Fratus II* at p. *2, fn. 1.)

5

inquiry into this claim. (*Fratus II* at pp. *2-3.) Appellants appealed a second time.

In *Fratus II,* appellants argued that they were entitled to more than $7,500 in attorney fees under Government Code section 800, contending that the statutory maximum can be multiplied to cover multiple parties or issues within a single civil action. (*Fratus II, supra,* at p *7.). They renewed their argument that they were separately entitled to attorney fees under Government Code section 25845. (*Id.* at p. *3.) We reversed the trial court's order on narrow grounds. We upheld the trial court's determination that recovery under Government Code section 800 is limited to $7,500. (*Id.* at p. *6.) We remanded to allow the trial court to rule on the applicability of Government Code section 25845 in the first instance, concluding that our failure to address that provision in *Fratus I* had been an oversight on our part. (*Id.* at p. *5.)

## E. Current Attorney Fee Motion

In January 2019, appellants filed the motion that is the subject of the current appeal, seeking attorney fees and costs in the amount of $132,232 pursuant to Government Code section 25845 and section 14-6.426(c), in addition to the confirmed $7,500 in fees under Government Code section 800. Appellants argued that the underlying litigation fell under section 14-6.426(c) because it pertained to nuisance abatement rather than to administrative fines, noting that the County's nuisance abatement proceedings "were in effect throughout the litigation, and were only released because [appellants] prevailed on their writ of mandamus."

The County opposed the motion, arguing that because the final administrative order pertained to administrative fees, and not to abatement, an award of attorney fees was not authorized under Government Code section

6

25845 and section 14-6.426(c). Instead, the matter arose from an appeal of the County's administrative fines undertaken pursuant to Government Code section 53069.4, a statute that does not provide for the recovery of attorney fees by a prevailing party.

On March 12, 2019, the trial court awarded appellants $7,500 in attorney fees under Government Code section 800 and otherwise denied their motion. The court held that appellants were not entitled to section 14-6.426(c) attorney fees because the abatement ordinance allows recovery of prevailing party attorney fees *only if* the County announces it will seek to recover its attorney fees at the initiation of the abatement proceeding. The notices to comply that were issued by the County in 2007 and 2008 did not specify that the County would seek its attorney fees. In addition, the County's administrative penalty provisions do not provide for the recovery of attorney fees by a prevailing party. The notices of fine issued by the County in 2009 were issued pursuant to the County's administrative penalty scheme and were not subject to recovery of attorney fees. This appeal followed.

## II. DISCUSSION

Appellants' assertion that they are entitled to attorney fees under Government Code section 25845 and the County's abatement ordinance, section 14-6.426(c), is without merit. The underlying administrative proceeding, and judicial review of that final order, indisputably involved an administrative penalty proceeding carried out under an ordinance provision that does not authorize the recovery of attorney fees to a prevailing party. Simply put, appellants cannot recover their attorney fees under an

7

abatement ordinance provision when no abatement order was ever issued by the County or reviewed by the trial court.[5]

## A.    Applicable Legal Principles

There are two distinct Government Code and County ordinance provisions at issue in this appeal that reflect separate avenues for the enforcement of code violations.  One method of enforcement (abatement order) permits the recovery of attorney fees to a prevailing party under specified circumstances, and the other (administrative fines and penalties) does not.  We review each of these methods to explain why appellants are not entitled to recover their attorney fees under Government Code section 25845.

### i. Abatement

Government Code section 25845 authorizes local governments to establish procedures for the abatement of nuisances.  (Gov. Code, § 25845, subd. (a).)  Subdivision (c) provides: "A county may, by ordinance, provide for the recovery of attorneys' fees in any action, administrative proceeding, or special proceeding to abate a nuisance.  If the ordinance provides for the recovery of attorneys' fees, it shall provide for recovery of attorneys' fees by the prevailing party, rather than limiting recovery of attorneys' fees to the county if it prevails.  The ordinance may limit recovery of attorneys' fees by the prevailing party to those individual actions or proceedings in which the county elects, at the initiation of that individual action or proceeding, to seek recovery of its own attorneys' fees.  In no action, administrative proceeding, or special proceeding shall an award of attorneys' fees to a prevailing party

---

[5] As the Supreme Court recently stated, " 'determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

exceed the amount of reasonable attorneys' fees incurred by the county in the action or proceeding."

Pursuant to this authority, the County adopted an abatement ordinance under section 14-6.4, located within the Ordinance Code's "Civil Enforcement" chapter. To abate a nuisance under this section, a County abatement officer must first declare a nuisance and issue a notice and order to abate the nuisance. (§ 14-6.410.) A property owner may appeal the abatement order to the Board of Supervisors. (§ 14-6.416.) The Board may reverse, modify or affirm the order of abatement. (§ 14-6.420.)

Section 14-6.426 comes into play when a property owner fails to comply with an order to abate. Subdivision (a) provides: "Upon the failure, neglect or refusal to properly comply with the order to abate within the prescribed time period, the county abatement officer may cause to be done whatever work is necessary to abate the public nuisance. An account of the cost of abatement shall be kept for each separate assessor's parcel involved in the abatement." Subdivision (c), the fee shifting provision at issue in this appeal, provides as follows: "Attorneys' fees may be recovered in a proceeding under this article if the county elects, at the initiation of the proceeding, to seek recovery of its own attorneys' fees. If the county so elects, attorneys' fees will be recovered by the prevailing party. In no proceeding shall an award of attorneys' fees exceed the amount of reasonable attorneys' fees incurred by the county in the proceeding."

Thus, a prevailing party may recover their attorneys' fees under section 14-6.426(c) in any action or proceeding which involves a property owner's failure or refusal "to properly comply *with the order to abate* within the prescribed time period" (subd. (a), italics added), and in which the County

9

"elect[ed], *at the initiation of the* [abatement] *proceeding*, to seek recovery of its own attorneys' fees." (subd. (c), italics added).

ii.   *Administrative Fines and Penalties*

Government Code section 53069.4 separately "authorizes local governments to enact an administrative process to enforce violations of any ordinance through the imposition and collection of administrative fines and penalties." (*County of Humboldt v. Appellate Division of Superior Court* (2020) 46 Cal.App.5th 298, 305.) It provides that "[t]he local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review … of those administrative fines [and] penalties." (Gov. Code, § 53069.4, subd. (a)(1).) It also authorizes local agencies to "collect the penalty pursuant to the procedures set forth in its ordinance." (*Id.,* subd. (d).)

Article 14-12 of the Ordinance Code, which implements Government Code section 53069.4, imposes fines for various code violations. (§ 14-12.002(a).) It is located within the Ordinance Code's "Administrative Penalty System" chapter, Chapter 14-12. Fines under this article are imposed by issuing a notice of fine. (§ 14-12.006(f).) A notice of fine may be appealed to a hearing examiner. (§ 14-12.008.) An appeal to a hearing examiner is the final administrative level of appeal. (§ 14-12.010.) The ordinance provisions prescribing the imposition of administrative fines or penalties for code violations do not allow for recovery of attorney fees to a prevailing party.

## B.   Analysis

The record does not support appellants' contention that the administrative fines at issue in this appeal were based, at least in part, on an " 'action, administrative proceeding, or special proceeding to abate a nuisance' " within the meaning of Government Code section 25845. While the

10

fines were prompted by the same alleged building code violations that were the subject of the County's abatement proceeding, the administrative fines were imposed under Chapter 14-6, the chapter pertaining to the County's "Administrative Penalty System." Moreover, the fines were appealed under the County's administrative process for review of fines and penalties and heard by a hearing examiner. The final administrative order reflected that the appeal hearing was held "[p]er the provisions of the County Administrative Penalty System (Chapter 14-12)." The final order affirmed the $12,900 in assessed fines, and did not purport to order abatement of any conditions on the properties. This administrative process differs markedly from review of an abatement order, which determination is reviewed by the Board of Supervisors. (§ 14-6.416). In short, nothing in the record supports the assertion that the administrative hearing may have served as a combination review of administrative fines and abatement.[6]

The record is also clear that judicial review of the final administrative order was limited to a review of the propriety of the County's imposition of fines. The underlying litigation could not have been based on a challenge to an abatement order because the record contains no evidence that an abatement order ever issued. The County notes that its abatement officer never issued a notice and order to abate against appellants' properties. Because no abatement order issued, the Board of Supervisors never had occasion to "reverse, modify or affirm the determination of the county abatement officer" by issuing a final administrative order (§ 14-6.420), which

---

[6] We need not entertain appellants' speculation that the Board of Supervisors may have delegated review of the abatement proceedings to the hearing officer or delayed its review of abatement because there is no evidence that an abatement order was ever issued, a necessary precondition to review by the Board of Supervisors.

11

would then be subject to judicial review (§ 14-6.424). Thus, the record discloses that the abatement proceedings never advanced beyond service of the initial notices to comply. Appellants have not cited any authorities suggesting that these notices are reviewable in an administrative mandamus proceeding in the absence of a final administrative order to abate. Finally, the only relief ordered by the trial court when it granted appellants' petition for administrative mandamus was to require the County to set aside the December 8, 2009 order imposing fines on appellants' properties. Nothing about this order suggests that the court reviewed and adjudicated an abatement proceeding.

Appellants' contention that their petition for administrative writ of mandamus "was not a duplicative judicial challenge of the fine, but rather was a separate proceeding concerning abatement" is belied by the record.[7] Their writ petition requested, among other things, that "[a] Writ be issued under the seal of the Court commanding the Respondent to set aside the order or decision (December 8, 2009) pursuant to Code of Civil procedure § 1094.5(f)." In any event, however the writ petition was styled, the evidence is uncontested that the trial court had no occasion to adjudicate an abatement matter that had not ripened to a final administrative order to abate.

Appellants point out that the County asserted a right to recover its attorney fees when it issued the May 2009 fine notices. They contend these

---

[7] Appellants' opening brief asserted that Government Code section 53069.4, subdivision (b)(1), precluded the trial court "from exercising its general administrative mandamus review authority pursuant to Code of Civil Procedure section 1094.5 to review so much of a final administrative decision that is limited to the determination of the validity of a local agency fine." In their reply brief, they withdraw this argument, acknowledging that this contention was repudiated in *Martin v. Riverside County Department of Code Enforcement* (2008) 166 Cal.App.4th 1406.

12

notices "necessarily coupled the fine proceeding with the abatement proceeding for purposes of recovery of attorney fees, for only with such coupling could the County recover attorney fees in a proceeding to collect a fine." Respondent counters that its ability to recover attorney fees from a civil action to collect unpaid fines arises from the administrative penalty ordinance, not the abatement ordinance. (Citing § 14-12.016(a) [in civil action to recovery unpaid fines, county may "recover all costs associated with the collection of the fine, including those costs set forth in Code of Civil Procedure Section 1033.5"]; Code Civ. Proc., § 1033.5, subd. (a)(10) [recoverable costs include attorney fees].) Appellants dispute the County's ability to recover attorney fees under this provision. They argue that Code of Civil Procedure section 1033.5 permits the recovery of attorney fees when authorized by contract, statute, or law, and there is no state law that allows the recovery of attorney fees for any civil action of a County to recover a fine.

Appellants misapprehend the relevant law. "A city ordinance may authorize an award of attorney fees." (*City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 492-493 [rejecting contention that "a local ordinance is not a state statute and not authority for an award of attorney fees" under Code of Civil Procedure 1033.5].) We need not resolve whether the County is correct that it can recover attorney fees in a civil action for unpaid fines under section 14-12.016(a), because what is clear is that the County asserted its right to recover attorney fees under its administrative penalty scheme, not the abatement ordinance. As explained above, the County had several options to enforce the alleged code violations, and its pursuit of administrative fines did not depend on the commencement or resolution of an abatement proceeding.

13

We conclude that the final administrative order in this matter pertains only to administrative fees, and the County's administrative penalty ordinance does not authorize the recovery of attorney fees under its provisions.  (See §§ 14-12.006 – 14-12.010 [no provision for recovery of attorney fees to a prevailing party; Gov. Code, § 53069.4 [same].)  No evidence supports the claim that the final administrative fee order arose under the County's abatement ordinance.  Accordingly, appellants are not entitled to recover attorney fees under Government Code section 25845 and section 14-6.426(c) of the Ordinance Code.  In light of our conclusions, we need not address the parties' remaining contentions.

### III.  DISPOSITION

The order is affirmed.

_____

SANCHEZ, J.

We concur.

_____

HUMES, P.J.

_____

MARGULIES, J.

(A157397)

15