Filed 6/17/26  Wong v. City of Victorville CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHI WAH WONG, | D087800 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVVS2400383) |
| CITY OF VICTORVILLE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Winston Keh, Judge.  Reversed and remanded with directions.

Law Offices of Andres Bustamante and Andres Bustamante for Plaintiff and Appellant.

Green de Bortnowsky and Robert V. Lyle for Defendant and Respondent.

Chi Wah Wong was cited by the City of Victorville for excess marijuana cultivation at a property he owns.  The citation was upheld following an administrative hearing, and Wong appealed to the superior court.  Wong contends the court prejudicially erred in construing his appeal as a petition for writ of administrative mandamus rather than a de novo appeal under

Government Code section 53069.4.  We agree with Wong.  We therefore reverse and remand for further proceedings consistent with this opinion.

I.

Wong co-owns a parcel of real property in Victorville, California.  In June 2024, a search warrant issued for suspected illegal marijuana cultivation at the property.  The same day, the San Bernardino Sheriff Department executed the search warrant and seized 851 marijuana plants.

The City of Victorville issued Wong a citation for violating Municipal Code section 13.150.060.  The total penalty was $84,500: $100 for each plant exceeding the six plants legally allowed.  A Notice of Violation and Enforcement Action was posted on the front door of the property and mailed to Wong at his primary mailing address.

Wong appealed the citation.  Following a video conference administrative hearing, the citation was upheld.

Wong filed a Notice of Appeal (Code Enforcement) with the superior court and served a copy on the Victorville City Attorney.  The notice of the appeal "[p]ursuant to G[overnment ]Code [section] 53069.4(b)(2)" was stamped "RECEIVED" by the City Clerk's Office.  City opposed the action, noting, "This is a Petition for administrative writ of mandamus."

In advance of the hearing, Wong sought, over City's objection, to admit new evidence not included within the administrative record.

Following an unreported hearing, the superior court took the matter under submission.  In a written ruling on August 26, 2025, the court upheld the citation.  It treated the appeal as "an administrative mandamus action" and reviewed the hearing officer's determination for substantial evidence and abuse of discretion.  The court sustained City's objections to Wong's new evidence "because [Wong]'s counsel did not discuss the issues relating to the

2

proffered evidence during the administrative hearing." On September 8, 2025, judgment was entered in favor of City.[1]

## II.

Wong argues the superior court's ruling must be reversed and the matter remanded for a new proceeding because the court erroneously construed his appeal as an administrative mandamus action rather than a section 53069.4 appeal. We agree.

"The legislative body of a local agency . . . may by ordinance make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty." (Gov. Code, § 53069.4, subd. (a)(1).) "Notwithstanding Section 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision of the local agency is made . . . , a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the superior court." (§ 53069.4(b)(1).) That appeal "shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence . . . and imposition of the administrative fine or penalty shall be admitted into evidence as prima facie evidence of the facts stated therein." (*Ibid.*)

Although "[t]he fine or penalty can alternatively be reviewed through a writ of administrative mandamus under [Code of Civil Procedure section] 1094.5," "[g]iven the choice, it seems likely that a person subject to a fine or penalty would prefer de novo review by the superior court rather than

---

[1] The court takes judicial notice of the judgment in favor of City and construes the notice of appeal as being from that judgment. (Cal. Rules of Court, rule 8.104(d); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)

substantial evidence review under [Code of Civil Procedure section] 1094.5." (Asimow et al., Cal. Practice Guide: Administrative Law (The Rutter Group 2025 update) ¶ 13:24.)

City claims that Wong waived any right to de novo review by failing to raise that issue before the superior court. In reply, Wong contends he "did raise the issue by the very act of filing the 'De Novo Appeal of Administrative Penalty Pursuant to California Government Code section 53069.4,'" which statute is expressly cited in the notice of appeal. Wong also contends his "attempt to introduce new evidence [wa]s an assertion of the de novo standard."

We agree with Wong. He elected, as was his prerogative, to file an appeal under section 53069.4. The phrase "shall be heard de novo" in section 53069.4 contemplates trial de novo, similar to a small claims appeal, including the right to introduce evidence regardless of whether it was offered below. (See *Martin v. Riverside County Dept. of Code Enforcement* (2008) 166 Cal.App.4th 1406, 1411 ["Although Government Code section 53069.4 uses the word 'appeal' to describe the limited civil proceeding, what seems to be meant is a de novo hearing by a single judge or, as also described in the statute, by a subordinate judicial officer."]) City's mis-designation of the appeal as a petition for administrative writ of mandamus in its brief did not make it so. Accordingly, the court erred in resolving Wong's appeal under section 1094.5.

"We cannot affirm the judgment . . . on the basis that plaintiff[] ha[s] failed to show the trial court's error was sufficiently prejudicial to justify reversal," as "[t]he trial court entirely foreclosed the de novo appeal that plaintiff[] w[as] entitled to by law." (*Wang v. City of Sacramento Police Dept.* (2021) 68 Cal.App.5th 372, 381.) Given the court applied the wrong standard

4

of review, as Wong argues, "the trial court refused to consider [his] testimony and exhibits regarding his lack of knowledge of the violation." Because it is reasonably probable a more favorable result may have been reached under de novo rather than substantial evidence review (*People v. Watson* (1956) 46 Cal.2d 818, 836), we reverse.

III.

We reverse the superior court's August 26, 2025 ruling and September 8, 2025 judgment in City's favor and remand to the superior court for further proceedings consistent with this opinion. Wong is entitled to his costs on appeal.


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.